Slip Op. 23-122

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FAR EAST AMERICAN, INC., AND LIBERTY WOODS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> and <br><br> INTERGLOBAL FOREST, LLC, <br><br> Consolidated-Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> COALITION FOR FAIR TRADE IN HARDWOOD PLYWOOD, <br><br> Defendant-Intervenor. | Before: Mark A. Barnett, Chief Judge <br> Consol. Court No. 22-00049 |

### OPINION

[Sustaining the U.S. Department of Commerce's scope redetermination on remand for the antidumping duty and countervailing duty orders on certain hardwood plywood from the People's Republic of China.]

Dated: August 22, 2023

Gregory S. Menegaz, Vivien J. Wang, J. Kevin Horgan, and Alexandra H. Salzman, deKieffer & Horgan, PLLC, of Washington, DC, for Plaintiffs.

Thomas H. Cadden and Kevin E. Mueller, Cadden & Fuller LLP, of Irvine, CA, for Consolidated Plaintiff.

Hardeep K. Josan, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, for Defendant.  With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Tara K. Hogan, Assistant Director.  Of counsel on the brief was Savannah R. Maxwell, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Timothy C. Brightbill, Stephanie M. Bell, and Tessa V. Capeloto, Wiley Rein LLP, of Washington, DC, for Defendant-Intervenor.

Barnett, Chief Judge:  Plaintiffs Far East American, Inc. ("FEA") and Liberty Woods International, Inc. and Consolidated Plaintiff InterGlobal Forest, LLC ("IGF") (collectively, "Plaintiffs") commenced actions challenging the U.S. Department of Commerce's ("Commerce") scope determination for the antidumping duty ("AD") and countervailing duty ("CVD") orders on certain hardwood plywood from the People's Republic of China ("China").  *See* Confid. Final Scope Ruling, ECF No. 34-1; *Certain Hardwood Plywood Prods. From the People's Republic of China*, 83 Fed. Reg. 504 (Dep't Commerce Jan. 4, 2018) (am. final determination of sales at less than fair value, and antidumping duty order) ("*Plywood AD Order*"); *Certain Hardwood Plywood Prods. From the People's Republic of China*, 83 Fed. Reg. 513 (Dep't Commerce Jan. 4, 2018) (CVD order) ("*Plywood CVD Order*") (together, "the *Plywood Orders*").  The *Plywood Orders* cover, *inter alia*,

> hardwood and decorative plywood, and certain veneered panels as described below.  For purposes of this proceeding, hardwood and decorative plywood is defined as a generally flat, multilayered plywood or other veneered panel, consisting of two or more layers or plies of wood veneers and a core, with the face and/or back veneer made of non-coniferous wood (hardwood) or bamboo.

*Plywood AD Order*, 83 Fed. Reg. at 512; *Plywood CVD Order*, 83 Fed. Reg. at 515.

Plaintiffs, U.S. importers of hardwood plywood, challenged Commerce's interpretation of the scope of the *Plywood Orders* to include two-ply panels imported from China into Vietnam and Commerce's determination that hardwood plywood manufactured by Vietnam Finewood Company Limited ("Finewood") in Vietnam using such Chinese two-ply remains in-scope based on the absence of a substantial transformation. Confid. Pls. Rule 56.2 Mem. in Supp. of Mot. for J. Upon the Agency R., ECF No. 31-1; Confid. Consol. Pl. [IGF] Rule 56.2 Mem. in Supp. of Mot. for J. Upon the Agency R., ECF No. 30-1.

In *Vietnam Finewood*, the court found in favor of Plaintiffs with respect to the scope of the *Plywood Orders* and, therefore, did not address substantial transformation. *See Viet. Finewood Co. v. United States*, 46 CIT __, __, 633 F. Supp. 3d 1243,1262 (2023).[1] The court disagreed with Commerce that the phrase "certain veneered panels" covered merchandise distinct from "hardwood plywood" and could include two-ply panels. *Id.* at 1255–62. The court held that the scope is unambiguous insofar as it "covers hardwood plywood and certain veneered panels that, for purposes of the underlying proceeding, and from the second scope sentence onward, are collectively described as hardwood plywood 'consisting of two or more layers or plies of wood veneers and a core,' i.e., at least three plies." *Id.* at 1262. The court remanded the matter "for Commerce to issue a scope ruling concerning Finewood's two-ply panels

---

[1] The court's opinion in *Vietnam Finewood* presents background information on this case, familiarity with which is presumed. In addition to ruling on additional procedural matters, the court dismissed Finewood from the action for lack of standing and directed the clerk to amend the caption accordingly. *Viet. Finewood*, 633 F. Supp. at 1265–66.

Consol. Court No. 22-00049                                                                                           Page 4

that is consistent with the unambiguous meaning of the *Plywood Orders* discussed [in the opinion]." *Id.* at 1265.

On June 16, 2023, Commerce issued its redetermination upon remand in this case. *See* Final Results of Redetermination Pursuant to Ct. Remand ("Scope Redetermination"), ECF No. 62-1.[2] Therein, under protest,[3] Commerce reconsidered its scope ruling and concluded that hardwood plywood produced by Finewood in Vietnam using Chinese two-ply and subsequently exported to the United States is not subject to the scope of the *Plywood Orders*. *Id.* at 2.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(vi) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(vi) (2018), and 28 U.S.C. § 1581(c) (2018). The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i).

## DISCUSSION

Defendant-Intervenor Coalition for Fair Trade in Hardwood Plywood ("the Coalition") filed comments in which it agreed with Commerce's decision to issue the Scope Redetermination under protest based on the Coalition's view that Commerce's original scope decision was correct. Def.-Int.'s Cmts. on Remand Redetermination, ECF No. 64. Plaintiffs and Defendant filed comments in which they agreed that

---

[2] The administrative record associated with Commerce's Remand Results is contained in a Public Remand Record, ECF Nos. 63-1 (AD), 63-2 (CVD).
[3] By making the determination under protest, Commerce preserves its right to appeal. *See Viraj Grp., Ltd. v. United States*, 343 F.3d 1371, 1376 (Fed. Cir. 2003).

Commerce had complied with the remand order and judgment should be entered. Pls.' Responsive Cmts. on Remand Redetermination, ECF No. 65; Def.'s Request to Sustain the Results of the Remand Redetermination, ECF No. 67; [Consol. Pl.'s] Responsive Cmts. on Remand Redetermination, ECF No. 68.

Commerce's Scope Redetermination complies with the court's order in *Finewood* to issue a scope ruling consistent with the unambiguous terms of the scope of the *Plywood Orders* and there are no further issues for the court to adjudicate.

## CONCLUSION

There being no substantive challenge to the Scope Redetermination, and that decision being otherwise lawful and supported by substantial evidence, the court will sustain Commerce's Scope Redetermination. Judgment will be entered accordingly.

/s/    Mark A. Barnett
Mark A. Barnett, Chief Judge

Dated: August 22, 2023
New York, New York